28 F.3d 111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald R. WRIGHT, Petitioner-Appellant,
v.
Robert BORG; Dan Lungren, Attorney General of the State of
California, Respondents-Appellees.
 No. 93-55542.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1994.*
Decided May 23, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Wright appeals pro se from the district court's denial of his petition for writ of habeas corpus, arguing that he was entitled to federal habeas relief because he was denied a fair trial when the prosecutor improperly commented on the evidence, he was denied due process as the result of faulty jury instructions, and his sentence was unlawfully enhanced. We reject these contentions and affirm.
 
 
 3
 * Wright refused to participate in a police line-up, despite having been warned that his refusal could be used against him in court as evidence of his guilt. At trial the prosecutor argued to the jury that this refusal to stand in the line-up was a factor the jury could consider in determining whether Wright was guilty. Wright argues that the prosecutor's comments were improper and resulted in a fundamentally unfair trial because Wright's Sixth Amendment right to counsel was violated when the state failed to make sure Wright's lawyer was present at the line-up.[1]
 
 
 4
 While Wright was entitled to the presence of counsel at the line-up, he had no right to refuse to participate in the line-up. See United States v. Wade, 388 U.S. 218, 222 (1967). Because Wright's refusal implied a fear of being recognized by his victims, the prosecutor was entitled to comment on, and the jury could consider, that refusal as evidence of Wright's consciousness of his own guilt. See United States v. Parhms, 424 F.2d 152, 154-55 (9th Cir.), cert. denied, 400 U.S. 846 (1970).
 
 
 5
 The state court found that Wright failed to ask for counsel at his line-up, and failed to communicate to the officers present any reason for his refusal to participate in the line-up. Moreover, Wright had a full and fair opportunity to rebut the prosecution's comments: He could have taken the stand and explained his failure to participate in the line-up, or, if he chose not to testify, defense counsel could have elicited testimony showing that Wright's lawyer was not present at the line-up. Accordingly, and in the light of the overwhelming evidence of Wright's guilt, we hold that the district court did not err in rejecting Wright's argument on this point.[2]
 
 II
 
 6
 Wright's second contention is that the state trial court erroneously instructed the jury on the requisite elements of attempted murder by including implied malice as a ground instead of, or in addition to, specific intent.
 
 
 7
 Although the state court found that the jury instruction in question was erroneous, it concluded that the error was harmless because overwhelming evidence of intent was presented at trial, both defense counsel and the prosecution argued the necessary elements to the jury, and the trial court used several other instructions that were proper and clearly indicated that the jury was required to find the necessary element of intent. In the absence of any showing of prejudice to Wright, we find no due process violation and conclude that the district court did not err by rejecting these arguments.[3]
 
 III
 
 8
 Wright's third and final claim of error is that the state trial court improperly enhanced his sentence for a prior burglary conviction, arguing that the mere fact that he was charged with and pleaded guilty to burglary of a residence did not prove that the burglary was in fact of a residence. This involves a question of state law not cognizable in federal habeas review. See Estelle v. McGuire, --- U.S. ----, ----, 112 S.Ct. 475, 480 (1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 344-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wright also complains about the prosecutor's comments to the jury concerning Wright's radical change in appearance--he shaved off his beard and mustache and cropped his long hair--immediately before (i.e., the very day of) the preliminary hearing, when he knew the two victims would be present to identify him. This contention is meritless. See United States v. Perkins, 937 F.2d 1397, 1402-1403 (9th Cir.1991) (proof that defendant intentionally changed his own appearance immediately after commission of crime, or immediately after being charged, may be considered by jury as circumstantial evidence of defendant's consciousness of his own guilt)
 
 
 [2]
 We reject Wright's arguments concerning the jury instruction on this issue for the same reasons
 
 
 [3]
 For the same reason we find no error in the district court's rejection of Wright's argument concerning the trial court's failure to instruct the jury sua sponte on the so-called "reasonable belief defense," i.e., that Wright reasonably believed his first victim consented to what the jury found to be rape and forcible oral copulation